BEFORE THE THIRD DIVISION, MARCH 21, 1957

**No. 60574.**—Jno. G. McGiffin et al. *v.* United States, protests 199326–K, etc. (Jacksonville).

DONLON, Judge: In each of these five protests, consolidated for purposes of trial, plaintiffs protest liquidation on the ground that appraisement was invalid.

The invalidity of appraisement is alleged to be due to failure of the appraiser to comply with section 14.4 of the Customs Regulations of 1943, as amended, and particularly subdivision (d) of section 14.4. The remedy sought is cancellation of the liquidation and return of the entries to the appraiser for valid appraisement "based upon due notice to the importer of the value at which the appraiser *contemplates* appraising the merchandise." (Brief p. 2.) [Emphasis supplied.]

There is an alternative claim that the final appraised value "exceeds the entered value by only 11 per centum" and that the "purported liquidation is erroneous in any event." The brief filed for plaintiffs does not deal with this alternative claim, and it appears not to have been pressed on trial. We deem it abandoned, and proceed to consider the chief claim in these protests, namely, that the appraisement is not valid, unless based upon due notice to the importer of the value at which the appraiser *contemplates* appraising the merchandise.

Defendant moved to dismiss the protests, "on the ground there is no cause of action under Section 514 of the Tariff Act." Decision on defendant's motion was reserved.

The facts of record are, briefly, as follows:

Deformed steel reinforcing bars, exported from Germany, were imported at Jacksonville, Fla. Before making entry, the customs broker, representing plaintiffs, submitted each invoice to the appraiser, together with papers and documents, and filed a request, commonly known as a "submission sheet," for the latest information as to values in the appraiser's possession. The appraiser noted on this request: "No current information as to market value. Ascertain market value from shipper."

Thereafter, formal entry was made. Appraisement was at values higher than the values entered. It is conceded that notices of appraisement were sent to plaintiffs, as required by section 501 of the Tariff Act of 1930, as amended.

Defendant's motion to dismiss these protests calls for a construction of section 14.4 of the customs regulations, in the light of these facts. We are of opinion that defendant's motion should prevail.

We agree with defendant that it is discretionary with the appraiser whether or not he shall give "the latest information as to values in his possession." Section 14.4, in its opening sentence, makes it clear that discretion only, and not a mandate, was intended.

We agree that, under section 14.4, the appraiser is limited, in exercising his discretion, to the giving of information "in regard to merchandise to be entered" and is not thereby permitted to give out information as to merchandise that has been entered.

Subdivision (d), on which plaintiffs lean heavily, conditions the privilege of the importer. It is there emphasized that the privilege is one of securing information from the appraiser *before the invoice or the merchandise has come under his observation for the purpose of appraisement.*

The record shows that the appraiser responded to the request made by plaintiffs for whatever information as to value he (the appraiser) had, noting on the request that he had "No current information." There is no suggestion in the record that this did not, frankly and fully, represent the then status of the appraiser's information as to values.

What plaintiffs seem to argue is that, whenever the latest information is requested, prior to entry, there is some kind of obligation on the appraiser to report to the importer, after entry, as and when any new information may become available. We do not so construe section 14.4. In the light of the clear language of section 487 of the Tariff Act of 1930, as it read in 1951, when these entries were made, limiting the importer's right to amend his entry to "the time entry is made, or at any time before the invoice or the merchandise has come under the observation of the appraiser for the purpose of appraisement," there would

be no useful purpose to an importer, in connection with his entry then before the appraiser, in such a strained construction.

Plaintiffs underestimate their own responsibility for correctly ascertaining values. Nothing persuades us that they can, by filing a submission sheet, transfer that responsibility to the appraiser.

The notices of appraisement required under section 501 having been given, as plaintiffs concede, defendant's motion to dismiss the protests is granted.